UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
2016 MAR 15 PM 4:11

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. |
| Plaintiff, | ) | |
| v. | ) | Violations: Title 18, United States Code, Sections 1341 and 1343 |
| CURTIS L. JOHNSON | ) | 1:16-cr-0053 WTL-DML |
| Defendant. | ) | |

## INDICTMENT

## GENERAL ALLEGATIONS

The Grand Jury charges:

1.  At times material to this indictment:

    a.  Defendant CURTIS L. JOHNSON ("JOHNSON") was the Chief Operating Officer and Chief Financial Officer of Tuttle Aluminum and Bronze Company, Inc. and Tuttle Railing Systems, a division of Tuttle Aluminum (collectively, "Tuttle"). Tuttle was in the business of engineering and fabricating stainless steel, aluminum, and glass railings for commercial and industrial projects throughout the United States. Tuttle's principal place of business was located in Fishers, Indiana, which is in the Southern District of Indiana.

    b.  Defendant JOHNSON was the companies' Chief Operating Officer and Chief Financial Officer. As such, JOHNSON was the companies' controller and handled Tuttle's financial and production operations. Defendant JOHNSON was entrusted with accurately maintaining the companies' accounting ledgers, managing the companies' bank accounts, and using company funds for legitimate business expenses.

    c.  Defendant JOHNSON had access to and signature authority for Tuttle's bank accounts at Chase Bank and BMO Harris, and Tuttle's business credit card account with

MasterCard. Defendant JOHNSON was authorized to use the companies' bank accounts, credit card, and the companies' funds for business expenses only.

2. Beginning in or about July 2012, and continuing until in or about November 2014, in the Southern District of Indiana, Indianapolis Division, and elsewhere,

CURTIS L. JOHNSON,

defendant herein, devised, intended to devise, and participated in a scheme to defraud Tuttle, and to obtain money and property from Tuttle by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, which scheme is further described below, and in doing so defrauded Tuttle in the amount of approximately $211,428.80.

3. It was part of the scheme that defendant JOHNSON used Tuttle's MasterCard credit card account to make approximately $48,130.00 in purchases under the false pretense that they were business expenses, when the purchases were for his own personal use, such as an $8,530.75 purchase of a hot tub made on March 20, 2014, at Royal Spa, a retailer of hot tubs, spas, and saunas. Defendant JOHNSON then used the companies' funds in its bank accounts to pay the balances on the companies' MasterCard account, which included charges resulting from his personal expenditures.

4. It was further part of the scheme that defendant JOHNSON used Tuttle's MasterCard to purchase a 2009 Lexus RX 350 for Individual A (JOHNSON's wife), a 2012 Nissan Armada for Individual B (JOHNSON's son), and a 2009 Nissan Maxima for Individual C (JOHNSON's son), under the false pretense that the vehicles were legitimate business expenses, when the purchases were actually for Individual A, B, and C's personal use. Between on or about January 30, 2014, and December 17, 2014, Defendant JOHNSON fraudulently used Tuttle's

MasterCard credit card and Tuttle's bank accounts to make down payments and monthly payments for the vehicles he purchased for Individuals A through C, totaling approximately $11,071.78.

5. It was further part of the scheme that defendant JOHNSON made approximately $7,600.00 in cash withdrawals, to which he was not entitled, from Tuttle's bank account at BMO Harris Bank. Defendant JOHNSON deposited the cash he obtained through false pretenses from Tuttle's bank account into an account in the name of JOHNSON's company, Innovative Resource Solutions, LLC ("IRS") or otherwise used the funds for his own personal expenditures.

6. It was further part of the scheme that defendant JOHNSON wired approximately $77,377.02, to which he was not entitled, from Tuttle's bank account at BMO Harris Bank to JOHNSON's account at BMO Harris Bank.

7. It was further part of the scheme that defendant JOHNSON obtained a loan in Tuttle's name in the amount of $69,559.00 from CIT Finance, LLC ("CIT") using Dimension Funding, LLC ("Dimension Funding"). Dimension Funding is a broker that specializes in equipment and software financing. The purpose of this loan was to pay two companies, Blytheco, LLC and Innovative Resource Solutions ("IRS"), for the purchase, installation, and servicing of software. Defendant JOHNSON provided a false invoice to Dimension Funding, indicating that IRS would be providing implementation and maintenance of the software for Tuttle at a cost of approximately $50,000.00 when, in fact, the software was implemented and serviced by Blytheco, LLC. At defendant JOHNSON's direction, on or about August 28, 2012, Dimension Funding used Vision 33, Inc., a third party distributor, to mail a check in the amount of $50,000.00 payable to defendant JOHNSON's company, IRS, to service the software. Defendant JOHNSON did not disclose that he owned IRS to Tuttle or in the loan documentation. Rather than use the $50,000.00

JOHNSON received from the loan to service the software, JOHNSON used the $50,000.00 for personal expenditures. Between on or about August 2012 and September 2014, Tuttle paid a total of $67,755.20 to pay back the loan that defendant JOHNSON obtained through his misrepresentations and false pretenses.

8. It was further part of the scheme that defendant JOHNSON obtained a loan in the amount of approximately $100,000.00 from National Equipment Leasing in Tuttle's name for the purchase of metal fabricating equipment and a phone system. Defendant JOHNSON falsely represented to Tuttle and National Equipment Leasing that the cost to install and service the new phone system was approximately $17,250.00 and would be performed by IRS. On or about June 24, 2013, National Equipment Leasing wired funds in the amount of $17,250.00 to IRS. Rather than use the funds to install and service the phone system, JOHNSON used them for personal expenditures. Between on or about August 2013 and June 2015, Tuttle paid a total of $34,960.69 to pay back the loan for the equipment and phones that defendant JOHNSON obtained through his misrepresentations and false pretenses.

9. It was further part of the scheme that defendant JOHNSON did misrepresent, conceal, and hide, and caused to be misrepresented, concealed, and hidden, acts done in furtherance of the scheme and the purpose of those acts.

## COUNTS ONE THROUGH SEVEN

10. On or about the dates specified below in the Southern District of Indiana, Indianapolis Division, and elsewhere,

CURTIS L. JOHNSON,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause

to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, as described below:

| COUNT | APPROXIMATE DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 1 | July 8, 2014 | Wire transfer of $10,000.00 transmitted in interstate commerce from BMO Harris Bank account #xxxxxxxx3508 to BMO Harris Bank account #xxxxxxxx9766. |
| 2 | June 24, 2013 | Wire transfer in the amount of $17,250.00 transmitted in interstate commerce from Citizens State Bank to BMO Harris Bank account #xxxxxxxx9766. |
| 3 | January 30, 2013 | MasterCard transaction in the amount of $3,000.00 paid to Tom Wood Nissan. |
| 4 | June 10, 2014 | MasterCard transaction in the amount of $1,116.32 paid to Nissan Motor Acceptance Corporation. |
| 5 | June 10, 2014 | MasterCard transaction in the amount of $720.62 paid to Nissan Motor Acceptance Corporation. |
| 6 | March 20, 2014 | MasterCard transaction in the amount of $8,530.75 paid to Royal Spa. |
| 7 | September 25, 2014 | Wire transfer in the amount of $5,000.00 transmitted in interstate commerce from BMO Harris Bank account #xxxxxxxx9766 to a Chase bank account in the name of Chicago Title Company, LLC. |

Each Count in violation of Title 18, United States Code, Section 1343.

## COUNT EIGHT

The GRAND JURY further charges:

11.   The allegations in paragraphs 1 through 9 of Count One of this indictment are incorporated here.

12.   On or about the date specified below in the Southern District of Indiana, Indianapolis Division, and elsewhere,

CURTIS L. JOHNSON,

5

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be deposited, any matter or thing to be sent or delivered by any postal service or private or interstate commercial carrier, to wit, a check described below:

| COUNT | APPROXIMATE DATE | DESCRIPTION OF MAIL |
|---|---|---|
| 8 | August 28, 2012 | Check in the amount of $50,000.00 sent via FedEx from Vision 33, Inc. located in Irvine, California, to Innovative Resource Solutions located in Indianapolis, Indiana. |

In violation of Title 18, United States Code, Section 1341.

## FORFEITURE ALLEGATION

The GRAND JURY further alleges:

1. The allegations of Counts One through Eight are incorporated here for the purpose of alleging forfeiture to the United States pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

2. As a result of the violations as alleged in Counts One through Eight of the foregoing indictment,

CURTIS L. JOHNSON,

defendant herein, shall forfeit to the United States any and all right, title, and interest he may have in any property, real and personal, which constitutes and is derived from proceeds traceable to the offenses charged in Counts One through Eight.

3. The interests of defendant subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) as incorporated by Title 28, United States Code,

6

Section 2461(c), include but are not limited to approximately $211,428.80.

4.     If any of the forfeitable property described above, as a result of any act or omission by defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c);

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

A TRUE BILL:

FOREPERSON

JOSH J. MINKLER
UNITED STATES ATTORNEY

by: _____
for Tiffany J. McCormick
Assistant United States Attorney